IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-60520 |
| | ) | |
| ERIC JOHN HORVATH | ) | CHAPTER 7 |
| LAURIE LYNN HORVATH | ) | |
| | ) | |
| Debtor(s) | ) | JUDGE RUSS KENDIG |
| | ) | |

## OBJECTION TO DEBTOR'S
## MOTION TO REOPEN CASE AND TO AVOID LIEN

Now comes the creditor, First Ohio Community Federal Credit Union ("Credit Union"), by and through its undersigned attorney and hereby files its objection to the Debtor's Motion to Reopen Case and Motion Avoid Lien under 11 U.S. Code Section 522(f).

## FACTS

The Debtor filed a Chapter 7 bankruptcy case on February 17, 2010. The Credit Union was listed as an unsecured creditor on Schedule F. The Credit Union was also listed on page 2 of the Statement of Affairs under question 4, Suits and Administrative Proceedings, Executions, Garnishments and Attachments stating Status or Disposition was "believed judgment for $3,816.00". Subsequently, the Debtor was discharged on June 9, 2010 with the case being closed on June 21, 2010.

The Credit Union filed its complaint against Eric J. Horvath and Kate N. Horvath on September 23, 2009. Eric J. Horvath responded to the complaint and the matter was scheduled for trial. The Credit Union was granted summary judgment against Eric J. Horvath and Kate N. Horvath in the Canton Municipal Court on November 4, 2009 and filed their Certificate of Judgment for Lien with the Stark County Common Pleas Court on November 16, 2009. Said Certificate of Judgment for Lien was then renewed on September 16, 2014 for Eric J. Horvath

and October 1, 2014 for Kate N. Horvath and then again on August 22, 2019 for Eric J. Horvath and Kate N. Horvath nka Kate N. Williams.

On or about May 31, 2017 the Title Source requested the amount necessary to pay the Credit Union's lien in full.

On or about August 18, 2020, Amrock requested the amount necessary to pay the Credit Union's lien in full.

This Creditor objects to said motions based upon the fact that the Debtor failed to avoid the lien during the Chapter 7 bankruptcy proceeding and did not move to reopen and avoid the lien until the Debtor sold her real property approximately ten years later.

## LAW AND ANALYSIS

Several courts have reviewed and ruled on the issue regarding laches and reopen case to avoid lien.

*In re Wilding*, 475 F.3d 428, 433-434 (1st Cir.2007)(states that it is within the bankruptcy court's discretion on remand to condition reopening to avoid demonstrable prejudice to creditor from belated avoidance of a judicial lien).

Courts will not generally reopen a case if doing so will unduly prejudice the affected creditor. *See, e.g., In re Bianucci*, 4 F.3d 526 (7th Cir.1993) ("[A] debtor may reopen the bankruptcy case at any time to avoid a lien absent a finding of prejudice to the creditor."); *In re Oster*, 293 B.R. 242, 246 (Bankr.E.D.Cal.2003) ("The remedy under section 522(f)(1) may be exercised at any time, even after the case has been closed and reopened, absent actual prejudice to the creditor, to protect an exemption that was properly claimed."). Additionally, "[a] recognized limitation on the granting of motions to reopen for lien avoidance is the doctrine of laches [,] . . . which allows a court to dismiss an action when there exists inexcusable delay in

instituting *507 an action and prejudice to the non-moving party as a result of the delay." *In re Levy*, 256 B.R. 563, 567 (Bankr.D.N.J.2000). "As a general rule, courts will apply the doctrine of laches when the following two elements are present: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. " *Frasier*, 294 B.R. at 368 (citing *Costello v. United States*, 365 U.S. 265, 81 S. Ct. 534, 543, 5 L. Ed. 2d 551 (1961)). In other words, when a debtor seeks to reopen a case to avoid a lien under § 522(f), the appropriate inquiry is "whether the delay associated with the reopening of the case is accompanied by a demonstration of prejudice to the creditor as a result to the debtor's conduct." *Frasier*, 294 B.R. at 367. "But delay may be prejudicial when it is combined with other factors." *Bianucci*, 4 F.3d at 528. When the creditor is prejudiced in other ways, the factors may be combined to preclude reopening the case. In making its decision, the court should look to the equities of the case, including the consideration of other factors such as whether the creditor incurred any expenses, whether the creditor was secured or unsecured, whether the creditor's prejudice may be cured, the debtor's conduct, and "[t]he strong policy and purpose of the bankruptcy laws in ensuring 'prompt and effectual administration and settlement of the estate' requir[ing] that an interested person, including the debtor, act promptly to preserve its rights." *Frasier*, 294 B.R. at 368-69 (quoting In re *Jackson*, 144 B.R. 853, 854 (Bankr.W.E.Ark.1992)); see also *Nobel v. Yingling*, 29 B.R. 998, 1003 (D.Del.1983) (including among its equitable factors the time between discharge and the attempts to avoid the lien, reason for the delay, prejudice to the creditor, and any good faith issues).

Courts have ruled that creditor's action to enforce their lien, after the entry of discharge or closing of the case, constitutes sufficient detrimental reliance to bar a debtor's exercise of the right to avoid a lien under section 522(f). *In re Hawkins*, 727 F.2d 324 (4th Cir. 1984) (affirming

a decision denying a motion to reopen case to avoid a judicial lien where eight months had elapsed since the case was closed and the creditor had incurred court costs and attorney fees in commencing foreclosure); *In re Dryja*, 320 B.R. at 652-53 (denying motion to reopen under equitable doctrine of laches due to the debtor's delay in filing the motion and resulting prejudice to the creditor); *In re Tarkington*, 301 B.R. at 509 (same); *In re Serafini*, 30 B.R. 606 (Bankr. W.D.Pa. 1983), *aff'd*, 41 B.R. 880 (W.D. Pa. 1984); *cf. In re Blossom*, 57 B.R. 285 (Bankr. N.D. Ohio 1986) (case involving creditor omitted from schedules).

## DISCUSSION

It is the Credit Union's position that this case not be reopened or avoid the lien for the reason that by doing so will unduly prejudice them as a creditor. Credit Union requires the Court to apply the doctrine of laches due to the fact that the Debtors lack of diligence along with the Credit Union being prejudice.

The delay by Debtor to reopen the case to avoid a lien under Section 522(f), is accompanied by a demonstration of prejudice to Credit Union as a result of Debtor's conduct. The original Certificate of Judgment for Lien was filed with the Stark County Common Pleas Court on November 16, 2009 with it being renewed on September 1, 2014/October 1, 2014 and again on August 22, 2019. The original Certificate of Judgment for Lien was recorded with the Stark Count Common Pleas Court prior to the bankruptcy case being filed in which due diligence would have allowed the Debtor sufficient time to file their Motion to Avoid Lien, that between the bankruptcy case being filed (February 17, 2010), Debtor being discharged (June 9, 2010), and the bankruptcy case being closed (June 21, 2010). Furthermore, the Certificate of Judgment for Lien being renewed on September 16, 2014/October 1, 2014 and August 22, 2019 would again put the Debtor on notice that the lien still existed and was of record.

On September 2, 2020, Debtor files their Motion to Reopen and Motion to Avoid Lien. These motions are approximately ten years and seven months after the bankruptcy case being filed, approximately ten years and three months after the Debtor was discharged, and approximately ten years and three months after the bankruptcy case being closed. During that time period Credit Union incurred additional court costs, attorney fees and other expenses that clearly prejudice Credit Union. Furthermore, the Debtor gives no valid reason for the delay in which the equitable doctrine of laches applies due to the debtor's delay in filing the motions.

The purpose of the bankruptcy laws in ensuring prompt and effectual administration and settlement of the estate requiring that an interested person act promptly to reserve its rights. It is clear that debtor has violated this fundamental policy to the detriment of Credit Union, in which the Credit Union's prejudice may not be cured.

Credit Union will be required to bear a substantial prejudice if the case is reopened for the purpose of avoiding a lien. Credit Union has already incurred attorneys' fees and additional costs for defending the motions. There are several legal issues that would need to be addressed regarding the Motion to Avoid Lien. Valuation issues arise which will require additional expense imposed on Credit Union to defend.

The case of *In re Caicedo*, 159 B.R. 104, 107 (Bankr.D.Conn.1993)

> The apparent relative expense to which [the Credit Union] would be put to secure an appraisal based upon values in [2000] and to confirm the balances to prior liens, in light of the amount of the lien in issue, constitutes a form of prejudice directly related to the debtor's delay. I do not believe it is an unfair burden on a debtor who expects to exempt and retain her homestead to require that she either exercise great care in ascertaining and listing the liens on the homestead or seek to remedy the omission of such liens sooner than [seventeen months] after the closing of the case.

Several factors would need to be considered regarding the real property, which would include but not be limited to, appraisal based upon values when bankruptcy case was originally filed, confirming balance to prior liens and the present value of the real property.

WHEREFORE, this Creditor respectfully requests this Honorable Court to deny the Debtor's Motion to Reopen Case and Motion Avoid Lien under 11 U.S. Section 522(f). In the event the Court determines that the judgment lien be avoided, that such order pertain only to Eric John Horvath and Laurie Lynn Horvath and not against the creditor's judgment lien pertaining to Kate N. Horvath Williams (Daughter) the other party to the original legal action.

DATED: September 21, 2020.

/s/ Stephen A. Ginella, Jr.
Stephen A. Ginella, Jr. (0037867)
Attorney for Creditor, First Ohio
Community Federal Credit Union
3600 Cleveland Avenue NW
Suite 6
Canton, Ohio 44709
Telephone: (330) 492-3636
Facsimile: (330) 492-3637
E-mail: ginellalaw@gmail.com

CERTIFICATE OF SERVICE

I certify that on September 21, 2020, a true and correct copy of First Ohio Community Federal Credit Union's Objection to Debtor's Motion to Reopen Case and to Avoid Lien was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

 Nicole L. Rohr-Metzger, on behalf of Eric John Horvath and Laurie Lynn Horvath, debtor(s), at nicole@thrushandrohr.com

And by regular U.S. mail, postage prepaid on:

 Eric and Laurie Horvath, at 1455 Mt. Pleasant, North Canton, Ohio 44720

 Kate N. Horvath nka Williams, at 9644 Strausser Street NW, Canal Fulton, Ohio 44614

        /s/ Stephen A. Ginella, Jr.
        Stephen A. Ginella, Jr. (0037867)
        Attorney for Creditor, First Ohio
        Community Federal Credit Union